

ENTERED
05/16/2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| KATHRYN NICHOLE DAHLIN § | CASE NO: 16-36169 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| KATHRYN NICHOLE DAHLIN § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 17-03425 | |
| § | | |
| MARK A DAHLIN § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

Kathryn Nichole Dahlin initiated this adversary proceeding, alleging that her ex-husband Mark Dahlin's liens for domestic support obligations, advancements on mortgage payments, and attorney's fees are invalid and that the Court should disallow his claims against her bankruptcy estate. (*See generally* ECF No. 1). Mr. Dahlin filed a motion for summary judgment to preclude Ms. Dahlin from re-litigating the validity of these liens, which Mr. Dahlin purports were previously decided in state court proceedings. (ECF No. 19 at 4). Ms. Dahlin argues that the Court should dismiss Mr. Dahlin's summary judgment motion because genuine issues of material fact exist regarding the liens Mr. Dahlin purports to hold. (ECF No. 21 at 2).

Mr. Dahlin's motion for summary judgment is granted in part and denied in part.

## Background

Mark and Kathy Dahlin were married on May 25, 2003. (ECF No. 19 at 7). During their marriage, the Dahlins had two children. (ECF No. 19 at 7). On December 28, 2011, Mr. Dahlin filed for divorce, which was resolved on July 11, 2012, when the Harris County Family Law Court issued a Divorce Decree. (ECF No. 19 at 7). The Divorce Decree awarded the couple's

home to Ms. Dahlin, but the mortgage on the home remained solely in Mr. Dahlin's name. (ECF No. 19–18 at 4). On June 25, 2012, Ms. Dahlin executed a deed of trust to secure assumption, which allowed Mr. Dahlin to foreclose on the home in the event that Ms. Dahlin defaulted on the mortgage's payment obligations. (ECF No. 1 at 5–6). This arrangement exacerbated the strained tensions between the former spouses. (ECF No. 1 at 5–7).

In 2013, Mr. Dahlin filed a petition in Family Law Court to alter the terms of the Divorce Decree and obtain custody of the Dahlin children. (ECF No. 19 at 7). The Family Law Court trial began on May 27, 2015; however, before trial, the Family Law Court issued an order striking all of Ms. Dahlin's affirmative pleadings (the "Sanctions Order"), which Ms. Dahlin signed. (ECF No. 19-4 at 2–3). Ms. Dahlin did not appeal the order striking her pleadings. Mr. Dahlin alleges that once Ms. Dahlin signed this order and failed to pursue an appeal, it became a final irrevocable order. (ECF No. 19 at 8). At the conclusion of the trial, the Family Law Court awarded sole managing conservatorship of the children to Mr. Dahlin in its Final Order in Suit to Modify Parent-Child Relationship (the "Family Law Court Order"). (ECF No. 19 at 8).

Ms. Dahlin filed her first bankruptcy case on January 31, 2016. (ECF No. 19 at 8). Mr. Dahlin filed four proofs of claim in conjunction with Ms. Dahlin's bankruptcy case, asserting two secured claims for mortgage payments on the home and two claims for domestic support related to medical expenses for the couple's children. (ECF No. 19–18 at 4–6). On October 4, 2016, the Court dismissed Ms. Dahlin's first bankruptcy case. However, before dismissing Ms. Dahlin's case, the Court entered an Order awarding Mr. Dahlin $13,185.00 in attorney's fees and costs arising from the deed of trust to secure assumption. (ECF No. 19–19 at 2).

On December 3, 2016, Ms. Dahlin's home was destroyed by fire. (*See* Case No. 17-03317; ECF No. 14 at 4). Ms. Dahlin filed a homeowner's insurance claim for the home and her lost belongings. (ECF No. 14 at 4).

Ms. Dahlin filed a second bankruptcy case on December 5, 2016, which was subsequently converted to chapter 7 at her request. (ECF No 19 at 9). Mr. Dahlin filed three proofs of claim in the second bankruptcy case: the first asserted a secured right to payment on the mortgage, a second asserted a right for domestic support obligations, and a third asserted a right for the previously awarded judgment on attorney's fees. (*See* Claim Nos. 5, 6, 7).

Ms. Dahlin received $333,687.95 in insurance proceeds for the fire damage pursuant to her homeowner's insurance policy. (*See* Case No. 17-03317; ECF No. 13 at 9). Ms. Dahlin declared this amount in her bankruptcy schedules and claimed $332,281.00 as exempt under Texas Law, a portion of which includes her homestead exemption. (Case No. 17-03317; ECF No. 14 at 4). Pursuant to the Court's Order, the insurance funds were deposited in the Court's registry on January 25, 2017. (Case No. 17-03317; ECF No. 13 at 9).

Ms. Dahlin initiated an adversary proceeding in her bankruptcy case in order to establish that Mr. Dahlin's liens for domestic support obligations are void under Texas law, to ascertain that the executed deed of trust to secure assumption is satisfied, to determine the validity of Mr. Dahlin's liens for advancements made on the home mortgage, and to disallow Mr. Dahlin's claims. (ECF No. 1 at 1). Mr. Dahlin filed a motion for summary judgment to establish that re-litigation of this adversary proceeding is precluded by previous court orders. (ECF No. 19 at 4).

## Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

## Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). FED. R. BANKR. P. 7056 incorporates Rule 56 in adversary proceedings. A party seeking summary judgment must demonstrate the absence of a genuine dispute of material fact by establishing the absence of evidence to support an essential element of the nonmovant's case. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Gorman v. Verizon Wireless Texas*, L.L.C., 753 F.3d 165, 170 (5th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Ben-Levi v. Brown*, 136 S. Ct. 930 (2016). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Keen v. Miller Envtl. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015), cert. denied, 136 S. Ct. 1715 (2016).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not

establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact. FED. R. CIV. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. FED. R. CIV. P. 56(c)(3). The Court should not weigh the evidence. *Wheat v. Florida Par. Juvenile Justice Comm'n*, 811 F.3d 702, 713 (5th Cir. 2016). A credibility determination may not be part of the summary judgment analysis. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. FED. R. CIV. P. 56(c)(2). Moreover, the Court is not bound to search the record for the non-moving party's evidence of material issues. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).

### Analysis

#### *Family Law Court Order*

On May 11, 2015, the Family Law Court issued its Sanctions Order striking all of Ms. Dahlin's affirmative pleadings. (ECF No. 19-4 at 2). Mr. Dahlin first argues that the "claims, causes of action and affirmative relief" Ms. Dahlin seeks to assert in this adversary proceeding are precluded by the Sanctions Order and the Family Law Court Order. (ECF No. 19 at 10). Ms. Dahlin responds that the Family Law Court Order fails to meet the standard for collateral estoppel and res judicata because the issue was not fully litigated and the facts of the child custody dispute are not applicable to the current issue. (ECF No. 21 at 12–18).

Collateral estoppel bars the subsequent litigation of fact issues that were "litigated and essential to a judgment in a prior suit." *Francis v. Marshall*, 841 S.W.2d 51, 54 (Tex. App.—Houston [14th Dist.] 1992). Collateral estoppel applies when (i) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, (ii) those facts were

essential to the judgment in the first action, and (iii) the parties were cast as adversaries in the first action. *Calabrian Corp. v. All. Specialty Chem., Inc.*, 418 S.W.3d 154, 158 (Tex. App.—Houston [14th Dist.] 2013). Only the first two elements of collateral estoppel are in dispute in this proceeding

*Full Litigation of Facts*

The first requirement of collateral estoppel is that the facts were "fully and fairly litigated in the first action." *Id*. Mr. Dahlin purports that the "death penalty" sanctions imposed by the Family Law Court's Sanctions Order satisfies this first requirement. (ECF No. 19 at 11).

Normally, full and fair litigation occurs when an issue is brought to a court through pleadings and a determination rendered. *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1203 (5th Cir. 1996). Accordingly, pre-answer default judgments fail to meet this standard. *See Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979). However, certain post-answer default judgments may satisfy the full and fair litigation requirement in cases where extreme conduct during discovery hinders opposing counsel and stalls litigation. *Gober*, 100 F.3d at 1204 (holding that pleadings struck due to discovery sanctions are equivalent to a deemed admission through a no-answer default judgment). Although the party whose pleadings are struck does not present their substantive argument in court, a death penalty sanction still satisfies the first prong of collateral estoppel because the sanctioned party chose to frustrate litigation by abusing the discovery process. *Gober*, 100 F.3d at 1206; *In re Sims*, 479 B.R. 415, 421 (Bankr. S.D. Tex. 2012).

The Family Law Court ordered all of Ms. Dahlin's pleadings struck. (ECF No. 19-4 at 2). This court action fits within the existing Fifth Circuit precedent that default judgments striking pleadings satisfy the fully and fairly litigated prong of collateral estoppel. *See Gober*,

100 F.3d at 1206.  Although the Family Law Court's Sanctions Order did not include findings of fact, Texas courts have recognized that "written findings are not needed in the vast majority of relatively uncomplicated cases . . . involving only a few issues pertinent to the propriety of death penalty sanctions."  *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852 (Tex. 1992).   In any event, the Family Law Court's Sanctions Order is now final and non-appealable.

Ms. Dahlin argues that the Family Law Court's Sanctions Order does not satisfy the first element of collateral estoppel because Ms. Dahlin "was not subject to a death penalty sanction that complied with applicable state law on its face."  (ECF no. 21 at 15).  According to Ms. Dahlin, the Family Law Court failed to "satisfy the requirement for an analysis of less stringent actions."  However, under full faith and credit, this Court must give full effect to a state court judgment.  28 U.S.C. § 1738; *Sizemore v. Surety Bank*, 200 F.3d. 373, 381 (5th Cir. 2000).  Accordingly, the Court is bound to accept the Family Law Court's Order without regard to any procedural defect.  Ms. Dahlin's remedy was on appeal—a remedy that she chose not to pursue.

Ms. Dahlin alternatively asserts that the Family Law Court could not fully and fairly litigate the issue because "an order striking pleadings is NOT a final appealable order."  (ECF No. 21 at 15).  Ms. Dahlin cites to *In re First Transit, Inc.*, 499 S.W.3d 584, 597 (Tex. App.—Houston [14th Dist.] 2016), to support the idea that a death penalty sanctions order is not final and appealable unless it is issued concurrently with a judgment.  However, *In re First Transit* discusses a party's right to a writ of mandamus for relief from a sanctions order which is inapplicable to these facts, rather than issue preclusion.  *Id.*; *see also TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 919 (Tex. 1991).  Ms. Dahlin had ample time and opportunity to seek relief or appeal the Family Law Court's Order through state court but failed.  When the Family Law Court issued its Final Order in Suit to Modify Parent-Child Relationship

and Ms. Dahlin failed to file a timely appeal, the order became a final judgment along with the interlocutory Sanctions Order which was appealable as part of that judgment. As a result, the sanctions order was no longer interlocutory. Ms. Dahlin cannot rely on the original interlocutory nature of the order to claim that collateral estoppel is inappropriate in this case.

*Facts Essential to Judgment*

Collateral estoppel also requires that the litigated facts were essential to the judgment in the first action. *Calabrian*, 418 S.W.3d at 158. Ms. Dahlin argues that the Family Law Court's suit was based on child custody rather than the property separation rights that remain at issue in Ms. Dahlin's bankruptcy case. (ECF No. 21 at 15). Accordingly, she argues that collateral estoppel is inappropriate in this case. (ECF No. 21 at 15).

The Family Law Court's Final Order in Suit to Modify Parent-Child Relationship specifically addresses some of the priority claims Mr. Dahlin purports to hold. The Order states that Ms. Dahlin, as conservator, has a "duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care." (ECF No. 19-3 at 26–27). The Family Law Court Order also required Ms. Dahlin to pay child support to Mr. Dahlin. (ECF No. 19-3 at 20). The facts of the dispute that led to the Family Law Court's Order specifically addressed the medical care obligations Mr. Dahlin seeks to recover in his proof of claim. Accordingly, the *validity* of Mr. Dahlin's priority claim based on Ms. Dahlin's child support obligations for medical care is not in dispute.

However, Mr. Dahlin also asserts a right to payment from Ms. Dahlin based upon mortgage deficiencies. (Claim No. 5). The Family Law Court Order is silent regarding any duty imposed on either party to pay the mortgage on Ms. Dahlin's home. Mr. Dahlin argues that, Ms. Dahlin "doggedly pursued the property issues and took it upon herself to intertwine those issues

with the custody and care of the minor children." (ECF No. 23 at 11). Because the Family Law Court Order denied any relief not specifically granted, he argues that her arguments presented regarding the mortgage are estopped. (ECF Nos. 23 at 11–12; 19-3 at 38).

The purpose of collateral estoppel is to promote judicial efficiency by preventing re-litigation of facts that were resolved in a previous decision. *Sysco Food Services, Inc. v. Trapnell*, 890 S.W.2d 796, 803 (Tex. 1994). Even if Ms. Dahlin presented issues related to the home mortgage in her pleadings with the Family Law Court, the Family Law Court Order fails to address these home mortgage issues. Thus, Mr. Dahlin's argument that the Family Law Court Order summarily denies any relief not granted fails to comport with the goal of collateral estoppel to prevent re-litigation of facts previously determined. The Family Law Court never examined liability of either Mr. or Ms. Dahlin under the home mortgage. Accordingly, Mr. Dahlin's request for judicial estoppel regarding Ms. Dahlin's mortgage issue is denied.

*Failure to Disclose Causes of Action*

Mr. Dahlin also argues that the causes of action Ms. Dahlin asserted against him in this adversary proceeding were waived and judicially estopped because she failed to disclose them in her bankruptcy case. (ECF No. 19 at 13). Mr. Dahlin purports that an affirmative duty to disclose "claims and causes of action asserted by and owned by [Ms. Dahlin]" exists and her failure to disclose them in her second bankruptcy case precludes her claim.

The Bankruptcy Code places an affirmative duty on the debtor to disclose her "current income and expenditures," as well as her "financial affairs." 11 U.S.C. § 521(a)(1)(B)(ii), (iii). The Fifth Circuit interpreted this requirement as compelling the disclosure of "contingent and unliquidated claims" along with potential causes of action that may arise. *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 207–08 (5th Cir. 1999); *Love v. Tyson Foods*

*Inc.*, 677 F.3d 258, 260–61 (5th Cir. 2012). A debtor who fails to disclose causes of action is estopped from pursuing them in an adversary proceeding unless a debtor "either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Coastal Plains*, 179 F.3d at 210.

The initial burden rests on Mr. Dahlin to demonstrate that Ms. Dahlin failed to disclose potential causes of action in her bankruptcy schedules. The burden then shifts to Ms. Dahlin to prove that she either lacked knowledge of the undisclosed claims or has no motive for their concealment. *Id.* at 212–13 (placing the burden of demonstrating inadvertence and no motive for concealment on the debtor).

Ms. Dahlin's amended bankruptcy schedules list two disputed priority unsecured claims by Mr. Dahlin, one for domestic support obligations and the other for "taxes and other debts you owe to the government." (Case No. 16-36169; ECF No. 191 at 1–2). Ms. Dahlin does not list any other claims by Mr. Dahlin on her schedules.

In her Schedule A, Ms. Dahlin declares under "other contingent and unliquidated claims of every nature" that she holds a claim against Mr. Dahlin. Her claim contains only the threadbare assertion that "subject to offset against any claim made by Mark A. Dahlin in the amount of $4,292.98 for a refund of escrow and mortgage payment . . . ." (ECF No. 19-16 at 7). Section 521 burdens the debtor with disclosing potential claims, yet Ms. Dahlin fails to describe any claim or cause of action in her schedules that she may actually assert against Mr. Dahlin. 11 U.S.C. § 521(a)(1)(B). Accordingly, Ms. Dahlin has failed to satisfy the requirements for disclosure under § 521(a).

Under the Fifth Circuit's framework, a debtor may demonstrate that she either lacked knowledge of the claims in question or had no motive for concealment to prevent the application

of estoppel. *Coastal Plains*, 179 F.3d at 210. However, Ms. Dahlin has failed to address these issues in her response. Instead she alleges that her claim to an offset creates an issue of fact and that Mr. Dahlin's remedy was to seek a more definitive statement. (ECF No. 21 at 21). Even if the Court accepted Ms. Dahlin's argument, the information disclosed in her bankruptcy schedules still fails to address the requirements of the Bankruptcy Code which place the burden *on the debtor* to disclose contingent, unliquidated, and potential claims. Accordingly, Mr. Dahlin has satisfied the requirements for summary judgment on the non-disclosure issue.

*Rulings in Ms. Dahlin's First Bankruptcy Case*

Ms. Dahlin contests Mr. Dahlin's claim for attorney's fees in her adversary complaint, arguing that the fees cannot be included in this bankruptcy case because they are not secured by Ms. Dahlin's assumption of the deed of trust. (ECF No. 1 at 25). Mr. Dahlin asserts that the Court's Order awarding him attorney's fees in Ms. Dahlin's first bankruptcy case collaterally estops Ms. Dahlin from re-litigating this issue in this adversary proceeding. (ECF No. 19 at 16).

To establish collateral estoppel, Mr. Dahlin must demonstrate that the facts were fully and fairly litigated and that they were essential to the judgment in the first action. *Calabrian Corp. v. All. Specialty Chem., Inc.*, 418 S.W.3d 154, 158 (Tex. App.—Houston [14th Dist.] 2013). On September 26, 2016, the Court held a hearing in Ms. Dahlin's first bankruptcy case in which Mr. Dahlin's counsel established a significant evidentiary record that included the final Divorce Decree, deed of trust to secure assumption, and the Family Law Court's Order. (*See* Case No. 16-30533; ECF No. 68). From this record, the Court and determined that Mr. Dahlin's right to attorney's fees arose from the deed of trust assumption, which stated:

> "If [Ms. Dahlin fails to perform any of [her] obligations . . . [Mr. Dahlin] may perform those obligations . . . and then be reimbursed by [Ms. Dahlin] for any amounts advanced *including attorney's fees*. The amount to be reimbursed will be *secured by this deed of trust* to secure assumption."

(*See* Case No. 16-30533; ECF No. 82; Claim No. 7-1 at 8–9) (emphasis added).  The Court then issued an Order on September 28, 2016, awarding Mr. Dahlin a claim for attorney's fees in the amount of $13,347.61.  (Case No. 16-30533; ECF No. 75 at 1).  The Court specifically addressed the deed of trust assumption, which was integral to its decision.  This ruling accordingly satisfied the requirements for collateral estoppel.

Yet, a question remains as to whether the dismissal of Ms. Dahlin's first bankruptcy case alters whether collateral estoppel may apply.  Under 11 U.S.C. § 349(b), dismissal of a case without granting a discharge "returns the parties to the positions they were in before the case was initiated."  *In re Operaji*, 698 F.3d 231, 238 (5th Cir. 2012) (quoting *In re Sanitate*, 415 B.R. 98, 104 (Bankr. E.D. Pa. 2009)).  The Congressional intent of this provision in the Bankruptcy Code is to place the parties in the positions they held before the bankruptcy case commenced.  *Id*.

Ms. Dahlin filed her first bankruptcy case on January 4, 2016 during which the Court issued its Order regarding attorney's fees.  (Case No. 16-30533; ECF No. 75).  However, the Court dismissed Ms. Dahlin's case on September 26, 2016 after her proposed chapter 13 plan was denied confirmation.  (Case No. 16-30533; ECF No. 77).  Ms. Dahlin never received a discharge in her first bankruptcy case.  Accordingly, once her case was dismissed, the Court must reset the parties to the "*status quo ante*" and estoppel cannot carry Mr. Dahlin's earlier award of attorney's fees forward into Ms. Dahlin's second bankruptcy case.  *Oparaji*, 698 F.3d at 238.

## Conclusion

The Court will issue a Judgment consistent with this Memorandum Opinion.

SIGNED **May 15, 2018.**

_____  
Marvin Isgur  
UNITED STATES BANKRUPTCY JUDGE